**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-36923 |
| MAK EXPRESS, INC. | ) | |
| | ) | Hon. Carol A. Doyle |
| Debtor. | ) | |
| | ) | **Hearing Date: December 19, 2012** |
| | ) | **Hearing Time: 10:00 AM** |

**NOTICE OF FIRST AND FINAL APPLICATION OF FOX, SWIBEL, LEVIN & CARROLL, LLP FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 11, 2012 THROUGH DECEMBER 3, 2012**
<u>**ON SHORTENED NOTICE**</u>

TO:   SEE ATTACHED SERVICE LIST

     PLEASE TAKE NOTICE that on Wednesday, December 19, 2012 at 10:00 AM, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle, or any judge sitting in her stead, in Courtroom 742, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **First and Final Application of Fox, Swibel, Levin & Carroll, LLP for Allowance and Payment of Administrative Claim For Compensation and Reimbursement of Expenses for the Period April 11, 2012 Through December 3, 2012 on Shortened Notice**, at which time and place you may appear as you see fit.

Dated: December 11, 2012                           **FOX, SWIBEL, LEVIN & CARROLL, LLP**

                                                      By:   */s/ Ryan T. Schultz*
                                                            Ryan T. Schultz
                                                            Special Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Elizabeth Peterson (ARDC #6294546)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph: 312.224.1200
Fx: 312.224.1201

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-36923 |
| MAK EXPRESS, INC. | ) | |
| | ) | Hon. Carol A. Doyle |
| Debtor. | ) | |
| | ) | **Hearing Date: December 19, 2012** |
| | ) | **Hearing Time: 10:00 AM** |

**FIRST AND FINAL APPLICATION OF FOX, SWIBEL, LEVIN & CARROLL, LLP, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 11, 2012 THROUGH DECEMBER 3, 2012 ON SHORTENED NOTICE**

Fox, Swibel, Levin & Carroll, LLP ("FSLC" or the "Firm"), special counsel to David P. Leibowitz, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of MAK Express, Inc. (the "Debtor"), files this application ("Application") for allowance and payment of an administrative claim in the amount of $22,152.00, consisting $22,000.00 in fees and $152.00 in expenses, for the period of April 11, 2012 through December 3, 2012. FSLC requests shortening of the notice period set forth in Bankruptcy Rule 2002(a)(6). In support of this Application, FSLC states the following:

**INTRODUCTION**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

2

**BACKGROUND**

3. On August 18, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed David P. Leibowitz as Trustee for the Estate.

4. On July 3, 2012, the Trustee filed an Application to Employ FSLC as Special Counsel retroactive to April 11, 2012 (the "FSLC Employment Application"). [Dkt. 31.] By the FSLC Employment Application, the Trustee sought to employ FSLC to assist him in investigating whether the Debtor has or had assets that can be recovered for the benefit of the Estate, and in recovering those assets. Specifically, the Trustee has agreed to compensate N. Neville Reid and the Law Offices of Fox, Hefter, Swibel, Levin & Carroll, LLP, on a contingency fee basis with respect to investigating and prosecuting (a) potential avoidance claims arising out of the Debtor's pre-petition transfers; (b) breach of fiduciary duty claims arising out of the Debtor's principals' pre-petition actions; and (c) other potential causes of action the Firm may identify (collectively, the "Services").

5. On July 10, 2012, the Court entered a final order granting the Trustee's application to retain FSLC as special counsel retroactive to April 11, 2012 (the "FSLC Employment Order"). [Dkt. 31.]

6. The FSLC Employment Order stated that FSLC would be paid on a contingency fee basis as follows (the "Compensation Formula"):

    A.    Ten percent (10%) of any recovery up to $30,000;

    B.    Twenty percent (20%) of any recovery over $30,000 obtained prior to

        filing an adversary complaint.

        C.     Thirty percent (30%) of any recovery over $30,000 obtained after filing a complaint; and

        D.     Forty percent (40%) of any recovery over $30,000 obtained if the adversary proceeding goes to trial.

7.     Additionally, the FSLC Employment Order provided that FSLC would be reimbursed for actual, necessary expenses and other charges incurred in connection with FSLC's representation of the Trustee as Special Counsel.

8.     After being retained by the Trustee, FSLC investigated causes of action pursuant to its engagement. FSLC identified potential causes of action against certain "Betley Parties" including the owners of the Debtor. Prior to filing litigation, the "Betley Parties" cooperated in providing documents requested by the Trustee and the Trustee engaged in settlement negotiations with the Betley Parties.

9.     On or about December 3, 2012 the Trustee and the "Betley Parties" entered into a settlement agreement (the "Settlement") whereby the Estate shall receive $125,000 from the Betley Parties. The Settlement is subject to this Court's approval.

10.     A motion to approve the Settlement is being filed concurrently with this Application.

## REQUESTED RELIEF

11.     FSLC files this Application to be allowed an administrative claim for its unpaid fees and expenses for work performed on behalf of the Trustee from April 11, 2012 through December 3, 2012 (the "Application Period"), in accordance with the Compensation Formula.

4

**PROFESSIONAL SERVICES RENDERED**

12. During the Application Period, FSLC performed all of the Services for the Estate, as more particularly detailed on the time records appended hereto as part of Exhibit A.

**SUMMARY AND APPROPRIATENESS OF FEES**

13. Pursuant to the Compensation Formula, the total amount of fees sought by FSLC for professional services in this Application is $22,000.00.

14. The professional services provided by FSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtor's case, and were in the best interests of the Estate. Hence, the fees of FSLC are compensable pursuant to Section 330 of the Bankruptcy Code.

15. Compensation for the Services provided by FSLC is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved.

**SUMMARY AND APPROPRIATENESS OF FSLC EXPENSES**

16. FSLC charges clients for actual out-of-pockets expenses it incurs on their behalf such as travel, postage, outside copying costs, outside vendor costs, and court fees. FSLC typically does not charge for internal photocopying costs or phone charges, and no such expenses are sought in this application.

17. The expenses sought by FSLC in this Application were incurred serving interested parties with certain filings, and totaled $152.00, as more particularly described on Exhibit A appended hereto.

18. FSLC's requested expenses are awardable pursuant to Section 330 of the Bankruptcy Code as actual, necessary expenses incurred for the administration of the Estate.

## **NOTICE**

19.    Bankruptcy Rule 2002(a) requires 21-days notice for a motion seeking approval of a fee application. Fed. R. Bankr. P. 2002(a). Pursuant to Bankruptcy Rule 9006(c) "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c). In this case, cause exists to shorten the notice period. Eight days' notice of this Application has been given to: (a) the Debtor; (b) the Debtor's counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all creditors; and (e) all other parties set up to receive notice through the Court's ECF filing system. In light of the nature of the relief requested, FSLC submits that no further notice is required.

WHEREFORE, FSLC requests entry of an order allowing it an administrative claim in the amount of $22,152.00 for fees and expenses, in accordance with the Compensation Formula, and allowing the Trustee to pay the same.

Respectfully submitted,

Dated: December 11, 2012                    **FOX, SWIBEL, LEVIN & CARROLL, LLP**

By:    */s/ Ryan T. Schultz*
   Ryan T. Schultz
   Special Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Elizabeth Peterson (ARDC #6294546)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph: 312.224.1200
Fx: 312.224.1201